**John S. BURTIS, Petitioner,**

v.

**Stephen DALSHEIM, Superintendent Downstate Correctional Facility, Respondent.**

**No. 81 Civ. 4142 (MEL).**

United States District Court,
S. D. New York.

April 23, 1982.

806

John S. Burtis, pro se.

Patrick Henry, Dist. Atty. of Suffolk County, Riverhead, N. Y., for respondent; Charles M. Newell, Riverhead, N. Y., of counsel.

LASKER, District Judge.

John Burtis ("Burtis") was convicted of burglary and sexual abuse in the first degree after trial by jury in County Court, Suffolk County. The facts of the crime and of Burtis' identification are brief. The victim, Ms. Bailes, testified that she was awakened at approximately 3:00 to 3:30 a.m. by a loud noise and found a strange man in her bedroom. The man threatened to kill her and then sexually assaulted her, during the course of which he spoke to her several times. Shortly after the man fled from the room, police found Burtis walking in the neighborhood, unable to provide a credible explanation as to why he was there. The police brought him to Bailes' home. They positioned Burtis on the porch and had Bailes sit inside the house in a manner where she could hear but not see him. After hearing Burtis speak, Bailes identified him as her attacker.

The conviction was affirmed by the Appellate Division, and leave to appeal to the New York Court of Appeals was denied. Burtis then moved pursuant to N.Y. Criminal Procedure Law § 440.10(1)(b, c) to vacate the judgment of conviction on the ground that the conviction was procured by the use of tampered evidence. He alleged that a patch of leather introduced at trial as having been found at the scene of the crime, which perfectly matched a tear in the jacket Burtis was wearing when arrested, had been tampered with by the police.

The state court found, after an evidentiary hearing, that Burtis failed to establish that anyone had tampered with the evidence.

### I.

Burtis now petitions for habeas corpus on the grounds that: (1) his defense counsel and the prosecutor were close friends; (2) his arrest was not supported by probable cause; (3) the voice identification procedure utilized at his trial was tainted by suggestive circumstances; (4) the prosecution introduced material evidence which had been tampered with; and (5) his guilt was not proven beyond a reasonable doubt.

The state answers that (1) the friendship of the defense counsel and the prosecutor does not present a cognizable claim; (2) the absence of probable cause for arrest cannot be litigated in a federal habeas proceeding; (3) the voice identification procedure used was proper in the circumstances; (4) the findings of fact of the state court which determined that Burtis failed to establish that the evidence had been tampered with are supported by the record and accordingly are not reviewable here; and (5) the evidence introduced at trial established guilt beyond a reasonable doubt.

### II.

At the outset, we dispose of those contentions for which there is little support, putting to the side the more difficult question of the voice identification.

■ (1) With respect to the claim concerning the friendship between the prosecutor and Burtis' trial counsel, Burtis does not allege that there was collusion or improper behavior of any kind between the two. He simply states that the two were friends, which, without more, does not state a cognizable claim.

■ (2) Burtis' contention as to the illegality of his arrest is also insufficient to support a federal habeas petition: "Illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 109, 95 S.Ct. 854, 860, 43 L.Ed.2d 54 (1975). Burtis' present detention is not based on his original arrest, but on his

conviction. Thus, whatever defects, if any, were present in his arrest, they are not relevant to the question of whether his present detention is legal. *Myers v. Rhay*, 577 F.2d 504, 507 (9th Cir. 1978), *cert. denied*, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427.

■ (3) Pursuant to N.Y. Criminal Procedure Law § 440.10, subd. 1 (b, c), Burtis moved to vacate the judgment of conviction, claiming that the prosecution tampered with material evidence introduced at trial. His contention before the state court, as here, was that a patch of leather which the state alleged had been found at the crime scene, and which matched perfectly a portion of a tear in his jacket, was not in fact found at the scene but was fraudulently excised from his jacket after the jacket was surrendered to the police. The state court held a hearing on the question, at which Burtis, represented by counsel, introduced expert testimony. The state court wrote an opinion, carefully setting forth its reasons for rejecting the claim. (Indictment No. 2511–78, County Court, Suffolk County, March 17, 1980). The question is a pure question of fact, decided by the state court in a proceeding which petitioner does not contend to have been defective in any respect. Under the circumstances, the factual findings of the state court must be presumed to be correct, 28 U.S.C. § 2254(d), and this Court may not inquire further into that branch of Burtis' claim.

■ (4) The claim that the conviction was so devoid of evidentiary support as to constitute a denial of due process is without merit. In addition to the voice identification and the material evidence found at the scene of the crime, there was also evidence that Burtis' car was found parked in front of the victim's house and that he was found walking in the vicinity in the early hours of the morning, without any credible explanation as to why he was there.

■ (5) The argument that the voice identification procedure was constitutionally invalid requires more extensive discussion. Analogizing a voice identification to photo show-up or a line-up, Burtis contends that the circumstances surrounding the identification were unduly suggestive and accordingly deprived him of his constitutional rights. In *Brown v. Harris*, 666 F.2d 782, 785–87 (2nd Cir. December 7, 1981), the court stated that it was doubtful whether the analogy between a voice identification and a photo show-up was valid, but assuming that it was, the proper test was the one set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

*Neil v. Biggers* balances the suggestive circumstance of the identification against the indicia of its reliability. The suggestiveness in the identification at hand inheres in the fact that the witness was asked to make her identification upon listening to only one voice. The single-person show-up has frequently been criticized as overly suggestive. See *Simmons v. United States*, 390 U.S. 377, 383, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247 (1968); *Mysholowsky v. New York*, 535 F.2d 194, 197 (2nd Cir. 1976) ("We have consistently condemned the exhibition of a single photograph as a suggestive practice, and, where no extenuating circumstances justify the procedure, as an unnecessarily suggestive one.")

Indicia of reliability of an identification, as articulated in *Neil v. Biggers* include:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

409 U.S. at 199–200, 93 S.Ct. at 382.

Applying the *Biggers* factors: the victim, Bailes, had ample opportunity to hear the attacker's voice at the time of the crime (Trial Transcript at 277, 279, 285), and it is almost certain that she was paying close attention to him when he threatened to kill her. The level of certainty demonstrated at the confrontation was high: according to the police officer who conducted the identification, upon hearing Burtis' voice,

> "she indicated, 'That's the voice; that's the voice.' She was, like, pointing. She was saying it very loud. 'That's the guy; that's the guy.'"

(Hearing Transcript at 101). The length of time between the crime and the confrontation was less than an hour, which is short enough so that the witness was likely to have had a fresh recollection of the voice of her attacker at the time she made the identification. All of these factors favor the State.

The only factor arguably favoring Burtis is that Bailes failed to give any visual description. The attack took place in a dark bedroom; the victim told police that she could not describe, except in barest detail, the man who attacked her. However, the absence of a visual description does not by itself invalidate an otherwise acceptable identification. *Chavis v. Henderson*, 638 F.2d 534 (2nd Cir. 1980) "Prompt confrontation between victim and suspect is good police work ... The reliability of an identification made in this manner should not hinge upon the existence of a prior detailed description of the suspect." *Chavis, supra* at 537. We conclude that under all the circumstances, the identification was not constitutionally invalid.

For the reasons stated above, the petition is dismissed. A certificate of probable cause is granted as to the claim that the voice identification procedures violated Burtis' constitutional right to due process.

It is so ordered.